.Nicholson, C. J.,
delivered the opinion of the Court.
This cause was tried on the 27th of May, 1867, when judgment was rendered. No appeal was prayed for or granted, though a bill of exceptions was signed, seajed and made a part of the record. In October, 1867, the plaintiffs in error executed a bond before the Circuit Court Clerk, to defendant in error, in the . penalty of *778 $250, conditioned that plaintiff in error would “prosecute with effect an appeal from the Circuit Court of Blount county to the Supreme Court, &e.” On the back of the bond is a certificate of the Circuit Court Clerk that the securities to the bond are good and solvent men.
A transcript of the record was made out by the Circuit Court Clerk on the 23d of May, 1868, but was not filed with the Clerk of the Supreme Court until the 12th day of February, 1869. Defendant in error, upon these facts, moves to dismiss the appeal. It is clear that the cause is not in this Court by appeal or appeal in error, and if we can retain it at all it must be on the ground that it is here by writ of error. The judgment was rendered on the 27th of May, 1867, and the transcript was not filed with the Clerk of this Court until the 12th of February, 1869, not within twelve months. Nor was any bond executed to the Clerk of this Court for writ of error when the transcript was filed. But it is probable the record was filed for writ of error, and that the bond taken by the Circuit Court Clerk was deemed sufficient. We should hold that the defective bond might now be remedied, if the record had been filed in time for writ of error.
It is said that plaintiffs in error ought not to be prejudiced by the failure of the Circuit Court Clerk to file the transcript in time. But it was not the* duty of the Clerk to do so. He did all he was required to do in making out the transcript. He made it out on the 23d of May, 1868, in time to be filed within the twelve months. It was the business or the plaintiffs in error *779 to file the transcript. This they did not do until the 12th of February, 1869. It was their negligence, and not that of the Clerk. It is nest said that defendant in error has waived his right to avail himself of the motion, at the present term of the Court, because he slept upon his rights during the last term, and until the time has elapsed within which a writ of error can be prosecuted. There would be force in this suggestion, if it appeared that plaintiffs in error had given notice to defendant in error that they had filed the record here for writ of error. As far as we can see, this requisition of the statute was not complied with; and so far as this Court can know, the defendant in error had no knowledge that the ease was in this Court, until the present term, when the motion to dismiss was made. If plaintiffs in error had given the notice required by the statute, we should consider it the proper practice to hold that the defendant in error had waived any objection to the irregularities in bringing the case into Court, if he failed to take advantage of these at the first term. But in this case, the plaintiffs in error having failed to give the required notice, we can not presume that the defendant in error had any knowledge that the case was in this Court, until the present term.
Upon the whole, we find no ground upon which we can retain the case in this Court, and accordingly allow the motion to dismiss.